Freeman Lawrence UTLEY, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–94–01125–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1998.

Rehearing Overruled July 13, 1998.

Discretionary Review Refused
Feb. 3, 1999.

R. Scott Shearer, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before WILSON, MIRABAL and TAFT, JJ.

## OPINION

WILSON, Justice.

On April 6, 1994, appellant, Freeman Lawrence Utley, was arrested and charged with possession of a controlled substance, cocaine, weighing more than 200 grams but less than 400 grams. On April 22, 1994, appellant was indicted. On October 31, 1994, appellant filed a motion to quash the indictment arguing "the indictment [was] defective because it violated double jeopardy under the Fifth Amendment to the United States Constitution." After a hearing, the trial court denied appellant's motion. Appellant then pled guilty to the offense, and the trial court assessed punishment at seven years in prison and a $5,000 fine. We affirm.

During a raid of appellant's house on April 6, 1994, Houston police officers seized $38,000 in cash. On May 17, 1994, the office of the state comptroller filed an $86,680 lien against appellant for past due taxes owed on the controlled substance. In connection with the lien, the comptroller's office placed a "freeze" upon the $38,000 taken in the seizure. In his motion to quash the indictment, appellant argued further criminal prosecution following the institution of forfeiture proceedings and the assessment of the tax lien was prohibited by the double jeopardy clause of the Fifth Amendment.[1]

During the hearing on the motion to quash the indictment, the State argued that appellant's claims were without merit for two reasons: (1) there was no final judgment; and (2) the tax lien had been lifted on the morning of the suppression hearing. The trial court denied appellant's motion to quash the indictment, and appellant pled guilty to the charged offense.

Alleging that the comptroller's tax lien had not been lifted, appellant moved to amend the record and requested that the case be abated to the trial court for further evidentiary proceedings. We granted appellant's motion and remanded this case to the trial court with instructions to conduct a hearing concerning the status of the tax lien allegedly imposed by the state comptroller's office. Having received the record from this hearing, we now address the merits.

The results from the remanded evidentiary hearing revealed the following pertinent facts. The trial court found the tax lien had not been lifted on the morning the motion to suppress was heard. On November 1, 1994, appellant paid $25 to the comptroller of public accounts as partial payment for the tax assessment. Appellant did not present the canceled check during the hearing on the motion to quash the indictment held on November 2, 1994, because his lawyer did not have possession of the check at the time of the hearing. The comptroller of public accounts released the tax lien on March 31, 1997.

In one point of error, appellant argues the trial court erred in denying his motion to quash the indictment based on double jeopardy under the Fifth Amendment to the United States Constitution. The Court of Criminal Appeals recently addressed this issue in *Ex parte Ward*, 964 S.W.2d 617 (Tex.Crim.App., 1998). The facts of *Ward* were: Ward was arrested in possession of 78 pounds of marihuana; the State seized $2,165 in cash and a radar detector that were forfeited to the State pursuant to civil proceedings; after indictment for possession of marihuana, the comptroller sent notice that Ward owed $109,546.50 in taxes and a $10,954.65 penalty; the comptroller issued a state tax lien in the amount of $120,501.15 against Ward; Ward paid $250 to the comptroller; the comptroller later withdrew the tax lien. *Id.*, at 618, 619, 631–632. The Court held that Ward had not been punished by the tax proceedings so as to bar the criminal prosecution. *Id.*, at 633.

The Court found that imposition of the tax, notice of the tax determination, imposition of the tax lien, and payment of a portion of the tax did not constitute punishment so as to bar criminal proceedings. *Id.*, at 629, 629–

1. U.S. CONST amend. V.

630, 631, 632. The only ways that a defendant could be punished so as to bar criminal prosecution are by a final judgment of tax liability or by divestiture of ownership rights of his property. *Id.,* at 632–633.

We hold this case is controlled by *Ward.* Accordingly, we affirm the judgment.